UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    Rondaxe Properties, LLC,                 Case No. 15-20222
                                                 Chapter 11
               Debtor.

**DECISION AND ORDER
GRANTING MOTION TO DISMISS
CHAPTER 11 CASE**

PAUL R. WARREN, United States Bankruptcy Judge

      The United States Trustee ("UST") has moved to convert or dismiss this Chapter 11 case under 11 U.S.C. § 1112(b) based on the failure of the Debtor, Rondaxe Properties, LLC ("Debtor"), to perform the duties required of a Chapter 11 Debtor-in-Possession under 11 U.S.C. §§ 1106(a), 704(a), and Rule 2015 FRBP (ECF No. 49). The UST indicates that the Debtor has failed to file monthly operating reports, failed to provide copies of federal income tax returns, failed to pay quarterly fees required by 28 U.S.C. § 1930(a)(6), and failed to provide evidence of the establishment of a Debtor-in-Possession account (*Id.* ¶¶ 5-8). The Debtor did not oppose the motion of the UST in any fashion or request a hearing. This decision and order is issued to memorialize the Court's reasoning in granting the motion of the UST, rather than simply entering an order of dismissal as was done in the Debtor's two prior cases. The Court finds that the UST has demonstrated cause to convert or dismiss the case under 11 U.S.C. § 1112(b)(4)(B), (b)(4)(F), (b)(4)(H), and (b)(4)(K)—and that neither exception under 11 U.S.C. § 1112(b)(1) or (b)(2) applies in this case. The Court finds, in the exercise of its discretion, that dismissal of this Chapter 11 case is in the best interest of creditors and the estate. The motion of the UST is

**GRANTED**, under 11 U.S.C. § 1112(b)(1), (b)(4)(B), (b)(4)(F), (b)(4)(H), and (b)(4)(K). The case is **DISMISSED**, under 11 U.S.C. § 1112(b)(1).

# I.
# JURISDICTION

The Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), and 1334(b). This is a core matter pursuant to 28 U.S.C. § 157. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 of the Federal Rules of Bankruptcy Procedure ("FRBP").

# II.
# FACTS

The Debtor owns and operates an 18-unit mobile home park located at 3133 Lake Road, Horseheads, New York (ECF No. 49 ¶ 4; ECF No. 34, Schedule A). The Debtor previously filed for Chapter 11 bankruptcy relief on two recent occasions—in 2012 and 2013—in the Rochester Division of the Bankruptcy Court for the Western District of New York (Case No. 12-21401; Case No. 13-20914). In the earlier cases, the Court lifted the automatic stay as to two other parcels of real estate owned by the Debtor, allowing the secured creditors to proceed with foreclosure actions in the state court against those parcels (Case No. 12-21401, ECF No. 70; Case No. 13-20914, ECF No. 66). Both prior Chapter 11 cases were dismissed shortly after filing, on motion of the UST, based on the Debtor's failure to file monthly operating reports and otherwise comply with the duties of a Chapter 11 Debtor-in-Possession (Case No. 12-21401, ECF No. 75; Case No. 13-20914, ECF No. 88).

2

The Debtor's third and most recent Chapter 11 case was commenced by the filing of a voluntary petition on March 11, 2015 (ECF No. 1).[1] According to the Debtor's schedules, the Debtor's only remaining asset is the small mobile home park located in Horseheads, New York ("Property") (ECF No. 34, Schedules A & B). The Chemung County Treasurer ("County") and the Internal Revenue Service ("IRS") have filed proofs of claim for unpaid taxes, and the Debtor's previous Chapter 11 counsel has filed a claim for unpaid legal fees (Claims Register, Nos. 1, 2, & 3). The County has also filed a motion for relief from the stay, returnable July 16, 2015, seeking to proceed with a tax foreclosure against the Property to collect nearly $50,000 in delinquent real estate taxes (ECF No. 38).[2] Those delinquent real estate taxes were scheduled in the amount of $10,334.94 in 2012 (Case No. 12-21401, ECF No. 1, Schedule D), and increased to the amount of $31,919 in 2013 with respect to the Property (Case No. 13-20914, ECF No. 31, Schedule D).

On June 1, 2015, the UST filed a motion to convert or dismiss the case for cause, under 11 U.S.C. § 1112(b), because the Debtor (1) failed to file monthly operating reports, (2) failed to provide the UST with copies of federal income tax returns, (3) failed to pay quarterly fees owing to the UST, and (4) failed to provide evidence to the UST of the establishment of a Debtor-in-Possession account (ECF No. 49 ¶¶ 5-8). The Debtor did not oppose or otherwise respond to the UST's motion.

---

[1] "It's like déjà-vu all over again." *The Yogi Book: I Really Didn't Say Everything I Said* (Workman Publishing 1998).

[2] The County's lift stay motion suggests that the Debtor's three successive Chapter 11 filings "give the appearance of a scheme to delay, hinder or defraud creditors" (ECF No. 38 ¶ 8). While the County's lift stay motion is rendered moot by the dismissal of this case, the issue of the Debtor's good faith may have occasion to be examined in the Debtor's next bankruptcy case, should there be another.

3

## III.

## CONCLUSIONS OF LAW

**A.** <u>**Cause Has Been Demonstrated Under 11 U.S.C. § 1112(b).**</u>

Dismissal or conversion of a Chapter 11 case must be granted, under 11 U.S.C. § 1112(b), if the movant demonstrates "cause," unless the Court finds that the exceptions provided by either 11 U.S.C. § 1112(b)(1) or (b)(2) apply. *In re Spencerport Dev., LLC*, No. 14-21154 (PRW), 2014 Bankr. LEXIS 4909, at *3-4 (Bankr. W.D.N.Y. Dec. 4, 2014). Under the exception created by 11 U.S.C. § 1112(b)(1), the Court may deny a motion to convert or dismiss if it determines that the appointment of a trustee or examiner is in the best interest of the estate and its creditors. *Id.*; 7 Collier on Bankruptcy ¶ 1112.05[1] (16th ed. rev.). Here, no party in interest has requested the appointment of a Chapter 11 Trustee. The exception created by 11 U.S.C. § 1112(b)(2) applies where the Court finds and specifically identifies "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate," coupled with the showing required by 11 U.S.C. § 1112(b)(2)(A) and (B). 11. U.S.C. § 1112(b)(2); *Spencerport*, 2014 Bankr. LEXIS 4909, at *4. Here, neither the Debtor nor any party in interest suggested the existence of any unusual circumstances, and the Court specifically finds that no such unusual circumstances exist as described in 11 U.S.C. § 1112(b)(2). The Court finds that the exceptions under 11 U.S.C. § 1112(b)(1) and (b)(2) do not apply in this case.

The moving party bears the initial burden to establish, by a preponderance of the evidence, the existence of "cause" to convert or dismiss a Chapter 11 case. *Spencerport*, 2014 Bankr. LEXIS 4909, at *4; 7 Collier on Bankruptcy ¶ 1112.04[4] (16th ed. rev.). If the movant

4

establishes cause to convert or dismiss—and the Court finds, as it has in this case, that the exceptions under 11 U.S.C. § 1112(b)(1) and (b)(2) do not apply—the Court *must* convert or dismiss the Chapter 11 case. *Spencerport*, 2014 Bankr. LEXIS 4909, at *4. The Court has wide discretion to determine whether cause exists to convert or dismiss under § 1112(b). *In re MF Global Holdings Ltd.*, 465 B.R. 736, 742 (Bankr. S.D.N.Y. 2012); 7 Collier on Bankruptcy ¶ 1112.05[2] (16th ed. rev.).

Here, cause for dismissal or conversion exists, based on unrebutted proof by the UST of the following facts: the Debtor has failed to file any monthly operating reports, constituting cause 11 U.S.C. § 1112(b)(H); the Debtor has failed to provide copies of federal income tax returns, constituting cause under 11 U.S.C. § 1112(b)(4)(F); the Debtor has failed to pay quarterly fees to the UST, constituting cause under 11 U.S.C. § 1112(b)(4)(K); and the Debtor has failed to provide evidence of the existence of a Debtor-in-Possession account, constituting cause under 11 U.S.C. § 1112(b)(4)(H). Critically, here, the Debtor has failed to provide any required information concerning the status of its business operations since filing—exactly the same failure to report evidenced by the Debtor in both of its earlier cases. The Court knows nothing about the Debtor's financial condition because the Debtor has ignored its reporting obligations. The Debtor's complete inaction in this case—viewed against the backdrop of the Debtor's two prior Chapter 11 cases (each filed on the eve of foreclosure), coupled with the Debtor's now thrice-repeated neglect of its basic duties as a Chapter 11 Debtor-in-Possession—is also suggestive of gross mismanagement of the estate, constituting further cause under 11 U.S.C. § 1112(b)(4)(B). For 111 days, the Debtor has enjoyed the protections of the automatic stay under 11 U.S.C. § 362—once again thwarting the County's efforts to foreclose its tax lien—without performing any of the duties imposed on a debtor-in-possession by the Bankruptcy Code

5

Case 2-15-20222-PRW    Doc 55    Filed 06/30/15    Entered 06/30/15 16:43:24    Desc Main
Document      Page 5 of 7

and Rules. The Court finds that the UST has demonstrated, by a preponderance of evidence, that cause exists to convert or dismiss the case under 11 U.S.C. § 1112(b)(1) and (b)(4)(B), (b)(4)(F), (b)(4)(H), and (b)(4)(K).

B.  **Dismissal Would Best Serve the Interests of Creditors and the Estate.**

The decision to convert or dismiss depends on which remedy will best serve the interest of creditors and the estate. The Debtor's estate consists of a single parcel of real property—with 18 unremarkable mobile homes located on the property, some appliances in those mobile homes, and some maintenance equipment—which is encumbered by a mortgage lien and tax liens held by the County and the IRS. Other than these secured creditors, a single unsecured claim has been filed for legal fees owing from the 2013 Chapter 11 case (Claims Register, No. 3). Schedule F does not list any unsecured creditors, except an insider (Craig Foster—the 100% shareholder of the Debtor, with a claim valued at $0.00) and the IRS (for notice purposes) (ECF No. 34, Schedule F). This case is really just a two-party dispute between the Debtor and Chemung County. A consequence of the Debtor's repeated Chapter 11 filings has been the increase of the delinquent real estate taxes from the potentially manageable sum of $10,334.98 to 5 times that amount—a likely unmanageable situation of the Debtor's own making. The preservation and rehabilitation of an operating business is not at issue in this case. The Debtor's secured creditors certainly have rights and remedies under state law, which the County has requested to pursue by moving for relief from the stay (ECF No. 38). The County should be permitted to pursue those rights and remedies, to collect the delinquent real estate taxes, and to stop the Debtor's accumulation of additional delinquent taxes on the property. The Court finds, in the exercise of its discretion, that dismissal is in the best interest of creditors and the estate.

6

The Debtor's modest real estate asset can be liquidated or refinanced outside of the bankruptcy process. The taxing authorities have been delayed in pursuing their remedies by the automatic stay—to their considerable disadvantage and prejudice—while the Debtor has done nothing to attend to its Chapter 11 case (its strategy from the outset most likely). Dismissal will allow the taxing authorities to proceed in state court and effectively put an end to the stalemate caused by the Debtor's most recent Chapter 11 case.

## IV.
## CONCLUSION

The Court finds, in the exercise of its discretion, that dismissal of this case is in the best interests of the creditors and the estate. The motion of the UST, requesting dismissal for cause, is **GRANTED,** pursuant to 11 U.S.C. § 1112(b)(1) and 11 U.S.C. § 1112(b)(4)(B), (b)(4)(F), (b)(4)(H), and (b)(4)(K). The case is **DISMISSED,** pursuant to 11 U.S.C. § 1112(b)(1). As a consequence of dismissal, the automatic stay is terminated by operation of law, under 11 U.S.C. § 362(c)(2)(B).

IT IS SO ORDERED.

Dated: June 30, 2015                   _____/s/_____
    Rochester, New York               HON. PAUL R. WARREN
                                              United States Bankruptcy Judge

Case 2-15-20222-PRW    Doc 55    Filed 06/30/15    Entered 06/30/15 16:43:24    Desc Main
Document      Page 7 of 7